UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURA H., <br><br>      Plaintiff, <br><br>  v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>      Defendant. | CASE NO. 3:23-cv-05834-GJL <br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 12, 17, 18.

After considering and reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

//

//

ORDER ON PLAINTIFF'S COMPLAINT - 1

## I. PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* Administrative Record ("AR") 154, 206. Plaintiff's hearing was held before ALJ Allen G. Erickson ("the ALJ") on September 27, 2022. AR 43–106. On November 2, 2022, the ALJ issued a written decision in which he concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 14–42. After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed the ALJ's decision by filing a Complaint in this Court on September 20, 2024. AR 1; Dkt. 4. Defendant filed the sealed administrative record regarding this matter on November 11, 2023. Dkt. 7.

## II. BACKGROUND

Plaintiff was born in 1977 and was 39 years old on the alleged date of disability onset of August 23, 2017. AR 34. Plaintiff has a college education and last worked as a school counselor in 2015. AR 532, 1553. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of migraines; cyclothymic disorder; generalized anxiety disorder; panic disorder with agoraphobia; and attention deficit hyperactivity disorder (ADHD). AR 20. However, the ALJ found Plaintiff was not disabled because she had the following RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations. She can have exposure to occasional bright light and loud noise. She can understand, remember, and apply detailed instructions, but not complex, instructions. She can perform predictable tasks. She cannot perform work in a fast-paced, production type environment. She can be exposed to occasional, predictable workplace changes. She can have no interaction with the general public. She can have occasional interaction with supervisors and co-workers.

AR 23–24.

ORDER ON PLAINTIFF'S COMPLAINT - 2

|     |     |
| --- | --- |
| 1   | **III.   DISCUSSION** |
| 2   | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3   | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 4   | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5   | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6   | Plaintiff raises a single issue in her Opening Brief: whether the ALJ erred in evaluating |
| 7   | the opinion of Dr. Rober Grumer. Dkt. 12 at 1. |
| 8   | For applications filed on or after March 27, 2017, the Administration has directed ALJs |
| 9   | to not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). |
| 10  | Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their |
| 11  | "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). |
| 12  | The Ninth Circuit has concluded that the "revised social security regulations are clearly |
| 13  | irreconcilable with [its] caselaw according special deference to the opinions of treating and |
| 14  | examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 |
| 15  | F.4th 785, 792 (9th Cir. 2022). Therefore, for applications filed after March 27, 2017, "an ALJ's |
| 16  | decision, including the decision to discredit any medical opinion, must simply be supported by |
| 17  | substantial evidence." *Id.* at 787. |
| 18  | Dr. Grumer, Plaintiff's treating psychiatrist, completed a Mental Capacity Assessment of |
| 19  | Plaintiff on October 18, 2018. AR 636–38. Dr. Grumer found an extreme limitation on Plaintiff's |
| 20  | ability to work a full day without needing more than the allotted number or length of rest periods |
| 21  | during the day, along with marked limitations on Plaintiff's (1) ability to sequence multi-step |
| 22  | activities; (2) ability to use reason and judgment to make work-related decisions; (3) ability to |
| 23  | work at an appropriate and consistent pace, or complete tasks in a timely manner; (4) ability to |
| 24  |     |

ORDER ON PLAINTIFF'S COMPLAINT - 3

ignore or avoid distractions while working; (5) ability to work close to or with others without interrupting or distracting them; (6) ability to sustain an ordinary routine and regular attendance at work; (7) ability to manage psychologically based symptoms; (8) ability to make plans independently of others; (9) ability to handle conflicts with others; and (10) ability to respond to requests, suggestions, criticism, correction and challenges, along with 11 other moderate limitations. *Id*. Dr. Grumer did not provide any explanation for his conclusions. AR 638.

The ALJ found Dr. Grumer's opinion not persuasive, reasoning that Plaintiff's symptoms were controlled by medication and that her daily activities contradicted Dr. Grumer's opined limitations. AR 32. Plaintiff argues that these were invalid reasons to reject Dr. Grumer's opinion, especially where the ALJ found persuasive the opinions of state agency doctors who found the same moderate limitations as Dr. Grumer. Dkt. 12 at 6 (citing AR 148–50, 184–86).

Dr. Grumer's opinion consists only of a series of checkboxes indicating Plaintiff's limitations. AR 636–38. Despite being prompted several times by the form to "describe the medical/clinical findings that support this assessment" and a conspicuous note that "extreme" impairments are uncommon and should only be found "when well supported by clinical evidence," Dr. Grumer's opinion is devoid of any analysis or explanation for his conclusions. *Id*.

The ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Leverenz v. Berryhill*, 691 F. App'x 445, 447 (9th Cir. 2017) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002); *see Amanda P. v. Kijakazi*, No. 1:21-CV-03021-MKD, 2022 WL 2901009, at *10 (E.D. Wash. May 23, 2022) ("The Social Security regulations 'give more weight to opinions that are explained than to those that are not'") (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001)).

It is only error to reject "opinions expressed in check-box form [when they] were based on significant experience with [the claimant] and supported by numerous records." *Alexander M. v. Commissioner of Social Security*, No. C21-254-BAT, 2021 WL 3758145, at *2 (W.D. Wash. Aug. 25, 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)). That is not the case here, however, and the ALJ correctly found that Dr. Grumer's conclusory opinion was further undermined by Plaintiff's improvement with medication and treatment.

Plaintiff's treatment providers found that Plaintiff's ADHD was controlled by medication, with Dr. Grumer himself noting multiple times that Plaintiff's ADHD was "reasonably stable" when mitigated by the Plaintiff's use of Adderall. AR 685, 1365; *see* AR 1462, 1514, 1607 (stable, "well managed" on Adderall). Plaintiff consistently reported progress with therapy and coping mechanisms, an increased tolerance of social settings, and an improvement in mental health symptoms. *See* AR 1588 (improvement in panic, anxiety); AR 1599 ("general anxiety is managed" and ADHD "asymptomatic with stimulant treatment"); AR 1601 (Plaintiff engaging in more activity, "getting out of the house almost daily"); AR 1613 ("anxiety is well managed with medications"); AR 1708 ("ongoing panic attacks and apprehension managed with alprazolam and mirtazapine"); AR 1728–30 ("doing okay" and "relatively stable mood" on lithium). Impairments that can be controlled with medication are not disabling, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As a result, improvement with treatment was a valid reason for the ALJ to reject Dr. Grumer's cursory opinion.

Plaintiff also argues that the ALJ erred by failing to explain "why the moderate limitations found by Dr. Grumer were rejected while the moderate limitations of Dr. Covell and Dr. Dam were persuasive." Dkt. 18 at 3. The Court agrees with the Commissioner that the ALJ

ORDER ON PLAINTIFF'S COMPLAINT - 5

was not required to engage in such an analysis, and that "it can be reasonably discerned that the ALJ found the marked and extreme limitations Dr. Grumer assessed to be inconsistent with the overall medical record[.]" Dkt. 17 at 9 (citing AR 32). Plaintiff does not argue that any moderate limitations are missing from the RFC. AR 23–24. That the ALJ rejected one opinion with those limitations but accepted two others does not constitute error.

## IV.   CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 12th day of August, 2024.

Grady J. Leupold
United States Magistrate Judge